IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DARNELL MITCHELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 20-3338 |
| ) | |
| David Mitchell,[1] Warden, ) | |
| Pinckneyville Correctional ) | |
| Center, ) | |
| ) | |
| Respondent. ) | |

**OPINION**

**SUE E. MYERSCOUGH, United States District Judge:**

Darnell Mitchell, proceeding *pro se*, has filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [d/e 1]. As directed, the Respondent filed a Response [d/e 8] to the Petition. Because the Petitioner has procedurally defaulted his claim, the § 2254 petition will be denied.

---

[1] The proper habeas respondent is the individual who has custody of the Petitioner. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). According to the inmate search feature on the Illinois Department of Corrections website, the Petitioner is currently housed at the Pinckneyville Correctional Center. www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last checked August 24, 2022). David Mitchell is the Warden of Pinckneyville Correctional Center. www2.illinois.gov/idoc/facilities/Pages/pinckneyvillecorrectionalcenter.aspx (last checked August 24, 2022). Therefore, David Mitchell is substituted as Respondent. See Habeas Corpus Rule 2(a); Fed. R. Civ. P. 25(d).

I.     BACKGROUND

In July 2018, in the Circuit Court of Cook County, the Petitioner pled guilty to aggravated robbery with a firearm and was sentenced to serve seven years in prison, followed by two years of mandatory supervised release.  Doc. 9-1, People v. Mitchell, No. 17 CR 1502901 (Cir. Ct. Cook Cnty.).  The Petitioner did not appeal his conviction in state court and does not challenge his conviction in this case.

In April 2020, the Petitioner filed a mandamus petition seeking to be awarded six months of Earned Discretionary Sentence Credit pursuant to 735 ILCS 5/3-6/3.  See Doc. 9-2, at 7, Mandamus Petition, Mitchell v. Ruskin, et al., No. 20 MR 76 (Cir. Ct. Logan Cnty.).  Prison officials denied the Petitioner's request on April 23, 2020, due to his criminal history.  Id. at 11.  The Petitioner filed an administrative grievance, arguing that the prison officials lacked authority to consider the Petitioner's Earned Discretionary Sentence Credit request and should have forwarded his request to the Illinois Department of Corrections (IDOC).  Id. at 14-15.

On May 29, 2020, the Petitioner filed a complaint for mandamus relief in the Circuit Court of Logan County. Id. at 1. The Petitioner again asserted that prison officials were required to submit his request for Earned Discretionary Sentence Credit to the director of IDOC. Id. at 3-4. The Petitioner also contended that consideration of his criminal history when reviewing his request violated 735 ILCS 5/3-6/3. Id. On October 7, 2020, the state court denied mandamus relief. See Doc. 9-3, Mitchell v. Ruskin, et al., No. 20 MR 376 (Cir. Ct. Logan Cnty.). The Petitioner filed a notice of appeal in December 2020, see Doc. 9-4, which the appellate court dismissed as untimely. See Doc. 9-5, Mitchell v. Ruskin et al., No. 4-20-0650 (Ill. App. Ct. 2020). The Petitioner did not file a petition for leave to appeal (PLA) to the Illinois Supreme Court.

The Petitioner, who is African American, alleges he is entitled to six months of Earned Discretionary Sentence Credit because he claims his request was denied due to institutional racism. Doc. 1, at 1. Specifically, the Petitioner alleges Earned Discretionary Sentence Credit is disproportionately awarded to inmates of European ancestry. Id. The Petitioner asks the Court to order IDOC officials to

3

submit his Earned Discretionary Sentence Credit request to the director of IDOC or, alternatively, award Petitioner six months of sentencing credit. Id. at 2.

Two months after filing his § 2254 petition, the Petitioner filed a notice stating he had been released from IDOC custody. Subsequently, the Petitioner violated his supervised release conditions and was returned to IDOC custody. See www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx. The Petitioner's projected parole date is September 21, 2022. Id.

## II.   DISCUSSION

The Respondent claims that the Petitioner's petition is moot because, at the time of the response, the Petitioner was no longer in prison and thus could no longer use credits toward his sentence, which was the only relief Petitioner sought. Alternatively, the Respondent contends the Petitioner has procedurally defaulted his claim in three different respects.

The Court concludes that Petitioner has procedurally defaulted his claim because he did not pursue a claim related to Earned Discretionary Sentence Credit through a complete round of state

4

court review. To preserve a § 2254 claim, a state prisoner must proceed through one complete round of review in the state courts, including a petition for discretionary review in the state supreme court, if available, and must fairly present the federal component of his claim to the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 845-48 (1999). "A prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort" has not "*properly* presented his claims to the state courts." Hough v. Anderson, 272 F.3d 878, 892 (7th Cir. 2001) (quoting Boerckel, 526 U.S. at 848). Because the Petitioner did not file a PLA to the Illinois Supreme Court following the appellate court's dismissal of his claim, the Petitioner did not pursue his claim through one complete round of state court review. Accordingly, the Petitioner has procedurally defaulted his claim.² See Boerckel, 526 U.S. at 848. The § 2254 petition will be denied on that basis.

---

² Even if the Petitioner had not procedurally defaulted his claim in this manner, the Petitioner procedurally defaulted his claim because he did not clearly articulate in state court any federal constitutional basis for his claim, as is required. See Baldwin v. Reese, 541 U.S. 27, 29, 32 (2004). The Petitioner also procedurally defaulted his claim by filing a late notice of appeal, as determined by the Illinois Appellate Court. The failure to file a timely appeal is an independent and adequate state ground for procedural default, which bars habeas review. See Cawley v. DeTella, 71 F.3d 691, 694 (7th Cir. 1995).

A certificate of appealability should issue only if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Upon reviewing the record, the Court finds that Petitioner has not "made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Because the Petitioner has not made "a substantial showing of the denial of a constitutional right" under § 2253(c)(2) and reasonable jurists would not find it debatable that Petitioner's claim is procedurally defaulted, the Court will deny a certificate of appealability under Rule 11(a) of the Rules Governing Section 2254 Cases.

For the reasons stated herein, Petitioner Darnell Mitchell's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [d/e 1] is DENIED.

A certificate of appealability is DENIED.

David Mitchell, Warden of Pinckneyville Correctional Center, is substituted as the proper Respondent.

The Clerk will send a copy of this Order to Petitioner Darnell Mitchell, R07374, Pinckneyville Correctional Center, 5835 State Route 154, Pinckneyville, IL 62274.

The Clerk will enter Judgment and close this case.

ENTER: August 29, 2022

    FOR THE COURT:

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT COURT